UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI, an Individual

    Plaintiff,

v.

PASS SKLAR CENTER, LTD., a Florida Limited
Partnership d/b/a Capital Square Shopping Center,
and POLLO OPERATIONS, INC., a Florida
Corporation d/b/a Pollo Tropical #1,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, PASS SKLAR CENTER, LTD., a Florida Limited Partnership d/b/a Capital Square Shopping Center, and POLLO OPERATIONS, INC., a Florida Corporation d/b/a Pollo Tropical #1 (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42

U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, PASS SKLAR CENTER, LTD., was and is a Florida Limited Partnership, with its principal place of business in Miami-Dade County, Florida and with agents and/or offices in Miami, Florida.

6. At all times material, Defendant, PASS SKLAR CENTER, LTD., owned and operated a shopping plaza located at 801 N.W. 37th Avenue, Miami, Florida 33125 (hereinafter the "plaza property") in Miami-Dade County, Florida. The plaza property holds itself out to the public as "Capitol Square Shopping Center."

7. At all times material, Defendant, POLLO OPERATIONS, INC., was and is a Florida Corporation, with its principal place of business in Dallas, Texas, a registered office in Plantation, Florida and officers and places of business throughout South Florida, including in Miami-Dade County, Florida.

8. At all times material, Defendant, POLLO OPERATIONS, INC., owned and operated a restaurant business located at 741 N.W. 37th Avenue, Miami, Florida 33125 (within the Co-Defendant's plaza property located at 801 N.W. 37th Avenue, Miami, Florida 33125). The restaurant business holds itself out to the public as "Pollo Tropical #1."

9. Venue is properly located in the Southern District of Florida because Defendants' businesses and properties are located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Miami, Florida.

## FACTUAL ALLEGATIONS

10. Although nearly twenty years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

13. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Defendant, PASS SKLAR CENTER, LTD., owns, operates and oversees the plaza property, its general parking lot and parking spots specific to the businesses therein (that are the subject of this Action) and, to include the Co-Defendant's restaurant, and it owns, operates and oversees said plaza property and businesses located in Miami, Florida.

15. Defendant, POLLO OPERATIONS, INC., operates and oversees the restaurant business located in Miami, Florida.

16. The subject plaza property and restaurant business are open to the public and are located in Miami, Florida.

17. The individual Plaintiff visits the plaza property and restaurant business regularly, to include a visit to the plaza property and restaurant business on or about October 13, 2016 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He often visits the plaza property and restaurant business in order to avail himself of the goods and services offered to the public at the businesses therein, and plans to return to the plaza property and business if they become accessible.

18. Plaintiff is domiciled nearby in the same County and state as the plaza property and restaurant business, has regularly frequented the Defendants' Miami plaza location and restaurant business for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

19. The Plaintiff found the plaza property and restaurant business to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject properties (the plaza property in general, the restaurant business, etc.), and wishes to continue his patronage and use of each of the premises.

20. The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in violation of the ADA, at the subject plaza property and restaurant business. The barriers to access at Defendants' property and businesses have each denied or diminished Plaintiff's ability to visit each of the properties and endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

21.     Defendant, PASS SKLAR CENTER, LTD., owns and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, PASS SKLAR CENTER, LTD., owns and operates is the plaza property business located at 801 N.W. 37th Avenue, Miami, Florida 33125.

22.     Defendant, POLLO OPERATIONS, INC, owns and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The business and place of public accommodation that Defendant, POLLO OPERATIONS, INC., owns and operates is the restaurant business located at 741 N.W. 37th Avenue, Miami, Florida 33125 (which lies within the Co-Defendant's plaza property).

23.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described plaza property and restaurant business, but not necessarily limited to the allegations in Paragraph 25 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the plaza property and restaurant business, in violation of the ADA. Plaintiff desires to visit the plaza property and restaurant business, not only to avail himself of the goods and services available at the plaza property and restaurant business but to assure himself that the plaza property and restaurant business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

24.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the shopping plaza property and restaurant business therein, as

did not provide the required knee clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section 4.32.3 of the ADAAG and Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG and Sections 227.3 and 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### D. Public Restrooms

1. The Plaintiff could not use the coat hook without assistance as it was mounted too high. Violation: There are coat hooks provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG and Sections 308.2 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff had difficulty using the toilet without assistance as it was

mounted too far from the wall. Violation: The water closets are mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The Plaintiff had difficulty using the toilet as it was mounted too high. Violation: The water closets that are provided for public use at the facility violate the provisions of Section 4.16.3 and Figure 29(b) of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The Plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide the required stall door hardware in violation of Sections 604.8.1.2, 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The Plaintiff had difficulty using the grab bar as the required grab bars are not provided. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5.1 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The Plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

9. The Plaintiff could not enter the restroom stall without assistance as the

required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance, violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

10. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG and Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

11. There are doors in a series at the facility are with less than the prescribed minimum clearances, in violation of Section 4.13.6 and 4.13.7 of the ADAAG, whose resolution is readily achievable.

12. The Plaintiff could not enter the restroom stall without assistance as the door width was too narrow. The clear width at doors to the facility are less than the prescribed minimums, in violation of Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

26. The discriminatory violations described in Paragraph 25 are not an exclusive list of the Defendants' ADA violations at the Defendants' businesses and places of public accommodation. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the plaza property and restaurant business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

27. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants

pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at 801 N.W. 37th Avenue, Miami, Florida 33125 and 741 N.W. 37th Avenue, Miami, Florida 33125, the interiors, exterior areas, and the common exterior areas of the property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to

make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 10th, 2017.

GARCIA-MENOCAL & PEREZ, P.L.
*Attorneys for Plaintiff*
Marina Lakes, No.3
4937 S.W. 74th Court
Miami, FL 33155
Telephone:  (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mails:ajperelaw@gmail.com,
agarciamenocal@gmplaw.com and
agmlaw@bellsouth.net

By:   /s/ Anthony J. Perez
ANTHONY J. PEREZ
Florida Bar No.: 535451
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610